UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6140-CR-FERGUSON
Magistrate Judge



UNITED STATES OF AMERICA   )
                           )
                           )
                           )
v.                         )
                           )
                           )
SACHA-GUY POLYNICE,        )
                           )
    Defendant.             )
_____)

**GOVERNMENT'S RESPONSE TO THE STANDING DISCOVERY ORDER**

The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

- A. 1. Audio and video recordings of statements made by the defendant can be obtained by making arrangements with undersigned counsel. These tapes can also be reviewed at the discovery conference as set forth in paragraph A 6 below.

  2. That portion of the written record containing the substance of any oral statement made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent is attached.

  3. No defendant testified before the Grand Jury.



    4.    The NCIC record of the defendant, if any exists, will be made available upon receipt by this office.

    5.    Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected at a mutually convenient time at the Office of the United States Attorney, 500 E. Broward Blvd., Suite 700, Fort Lauderdale, Florida. Please call the undersigned to set up a date and time that is convenient to both parties.

        The attachments to this discovery response are not necessarily copies of all the books, papers, documents, etc., that the government may intend to introduce at trial.

    6.    A laboratory analysis report regarding the firearms seized from the defendant in connection with this case is attached.

B.    DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C.    The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and <u>United States v. Agurs</u>, 427 U.S. 97 (1976). The government is not presently aware of any information or material favorable on the issues of guilt or punishment within the scope of <u>Brady</u> or <u>Augers</u>.

D.    The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of <u>Giglio v. United States</u>, 405 U.S. 150 (1972), or <u>Napue v. Illinois</u>, 360 U.S. 264 (1959).

E.    The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at

2

trial.

F. No defendant was identified in a lineup, show up, photo spread or similar identification proceedings.

G. The government has advised its agents and officers involved in this case to preserve all rough notes.

H. The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

I. The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J. The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K. No drug contraband is involved in this indictment.

L. The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession.

M. The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.

N. To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial.

O. The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be

3

discussed at the discovery conference.

The government hereby requests that the defense stipulate to the following facts:

1. The MAC-10 and Glock pistol seized from the defendant at the time of arrest are each a "firearm" as that term is defined in Title 18, United States Code, Section 921(a)(3), that is, it is a weapon which is designed to, or may readily be converted to, expel a projectile by the action of an explosive.

2. The silencer seized from the defendant at the time of arrest is a "firearm silencer" as defined in Title 18, United States Code, Section 921(a)(24), that is, it is a device for silencing, muffling, or diminishing the report of a portable firearm.

3. The Glock pistol and the firearm silencer seized from the defendant were manufactured outside the state of Florida and had moved in interstate commerce before the defendant possessed them.

4. The MAC-10 seized from the defendant at the time of his arrest was a "machine gun" as that term is defined in Title 26, United States Code, Section 5845(b).

5. At the time of the defendant's arrest, he was present in the United States pursuant to a non-immigrant visa.

6. Prior to taking possession of the firearm silencer referred to in Count 2, the Secretary of the Department of the Treasury had not approved the transfer and registration of the silencer to the defendant.

P. The government will seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel.

4

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense was:

>    Time: Approximately 3:30 p.m.
>    Date: May 17, 2000
>    Place: 600 Block of West Broward Blvd., Fort Lauderdale, Florida.

The attachments to this response are numbered pages 00001-00034. Please contact the undersigned Assistant United States Attorney if any pages are missing.

>    Respectfully submitted,
>
>    GUY A. LEWIS
>    UNITED STATES ATTORNEY
>
>    By: _____
>    Robert N. Nicholson
>    Assistant United States Attorney
>    Florida Bar No. 933996
>    500 East Broward Blvd. Ste. 700
>    Ft. Lauderdale, Florida 33394
>    Tel: (954) 356-7255
>    Fax: (954) 356-7336

cc: Special Agent Vince Curry
    ATF

5

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was delivered by United States mail this 5th day of June, 2000, to:

Robert Berube, Esq.
Assistant Federal Public Defender
101 N.E. 3rd Ave, Suite 202
Fort Lauderdale, FL 33301

```
                                   _____
                                   Robert N. Nicholson
                                   Assistant United States Attorney
```

6